```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

```
In re: KENTUCKY PROCESSING     )
COMPANY                        )
                               )  Civil Action No. 09-277-JMH
RICHARD F. CLIPPARD,           )  Bankruptcy Court No. 98-52437
United States Trustee,         )
                               )
     Appellant,                )
                               )
v.                             )  MEMORANDUM OPINION AND ORDER
                               )
KENTUCKY PROCESSING            )
COMPANY, et al.,               )
                               )
     Appellees.                )
```

               **       **       **       **       **

This matter is on appeal from the Bankruptcy Court's denial of Appellants' Motion to Vacate the Default Judgment entered against Appellants. Appellant has filed a brief setting forth its arguments on appeal [Record No. 7]. Appellee Kentucky Processing Company has made no response and stated no objections to the argument presented in Appellant's brief.[1] The matter is now ripe

---

[1] DLX, Inc., has filed a "Response" [Record No. 8], which states, without argument, that it believes the Comment entered by the Bankruptcy Court was correctly decided but arguing that if that decision is reversed the Court should enter an order stating that DLX is not obligated to pay any portion of the fees at bar under the terms of the contract between DLX and Fox Trot Properties, LLC. Appellant has filed a Reply addressing DLX's Response [Record No. 9]. Kentucky Processing did request that the Bankruptcy Court enforce a purported oral agreement between it and the parties to the adversary proceeding below, DLX and Fox Trot Properties, which required the unsuccessful party in that litigation to pay all accrued quarterly fees owed to the Trustee. As the Bankruptcy Court ultimately declined to award the payment of the quarterly

for decision, and the Bankruptcy Court's June 30, 2009, Memorandum Opinion and Order concluding that Kentucky Processing did not owe quarterly fees will be reversed for the reasons stated below.

## I. BACKGROUND

On September 25, 1998, Debtor and Appellee Kentucky Processing Company (hereinafter, "Kentucky Processing") filed a voluntary petition for relief under the provisions of Chapter 11 of the United States Bankruptcy Code. On May 31, 2001, the United States Bankruptcy Court for the Eastern District of Kentucky entered an order confirming Kentucky Processing's Chapter 11 plan. Kentucky Processing made no disbursements after December 31, 2001.

The bankruptcy case remained open, however, pending the resolution of an adversary proceeding between DLX, Inc., and a Kentucky Processing affiliate, Fox Trot Properties, Inc., which was concerned with the ownership of a parcel of land. DLX, Inc., prevailed in the adversary proceeding, and, after that litigation concluded, Kentucky Processing filed a motion to close its bankruptcy case on September 23, 2008. In that motion, Kentucky Processing acknowledged that it owed the United States Trustee outstanding quarterly fees in the amount claimed by the United States Trustee: $4,550. Kentucky Processing also requested that

---

fees, the Bankruptcy Court did not reach the question of enforcing the agreement. As a result, this Court declines to do so on appeal. Rather, that matter may be taken up by the Bankruptcy Court at the appropriate time.

the Bankruptcy Court close the case prior to December 31, 2008, to avoid the further accrual of quarterly fees. The United States Trustee did not oppose the motion.

On November 17, 2008, the Bankruptcy Court, *sua sponte*, entered an order setting a hearing on the motion to close the case and directing the parties "to advise the court, within ten (10) days from the date of this order, whether in their view quarterly fees are actually owed for the several quarters this chapter 11 case was kept open to accommodate the litigation in Adv. No. 01-5199 between two non-debtor parties." In response, on November 20, 2008, Kentucky Processing simply filed a Report attaching the last bill received for $4,500 in quarterly fees. No one disputed the United States' right to collect quarterly fees in that amount.

On November 21, 2008, the Bankruptcy Court entered a "Comment" in the record, noting that there had been no disbursements made since October 2001 and describing "[t]he real issue in this case [to be] whether U.S. Trustee fees are owed for quarters in which no distributions are made." *Id.* The Bankruptcy Court theorized that the provisions of § 1930(a) "appear[] to require that disbursements be made in a quarter before quarterly fees are due." The United States Trustee filed a memorandum on December 11, 2008, indicating the United States' position that the text of § 1930(a)(6) requires that the minimum $325 quarterly fee is due, even when quarterly disbursements equal zero, until a chapter 11 case is converted,

dismissed, or closed by order of a bankruptcy court.

On June 30, 2009, the Bankruptcy Court entered an order in which it determined that Kentucky Processing did not owe quarterly fees to the United States Trustee because there were no disbursements made by Kentucky Processing in the months for which it sought to either pay the quarterly fees or to have them paid by its affiliate Fox Trot. Effectively, the Bankruptcy Court concluded that a disbursement of zero has no value, cannot be totaled, and, therefore, is not less than $15,000. This appeal followed.

## II. JURISDICTION

This Court has jurisdiction to hear the appeal of the Bankruptcy Court's June 30, 2009, order concerning quarterly fees pursuant to 28 U.S.C. §§ 1334(a) and 158(a)(1). *See In Re Dannys' Markets, Inc.*, 266 F.3d 523 (6th Cir. 1998) (treating quarterly fee order as a final order); *Vergos v. Greggs' Enters., Inc.*, 159 F.3d 989 (6th Cir. 1998) (same).

## III. STANDARD OF REVIEW

Questions of statutory interpretation on appeal are reviewed *de novo* as a question of law. *Vergos*, 159 F.3d at 990.

## IV. DISCUSSION

Appellant presents the Court with an intriguing question: when is nothing something? The Court is asked to determine whether the Bankruptcy Court erred when it held that Kentucky Processing Company did not owe quarterly fees assessed under 28 U.S.C. § 1930(a)(6) for

quarters in which the bankruptcy case remained open but in which there were no disbursements, notwithstanding the fact that the statute states that a fee "shall be paid" for each quarter "in which disbursements total less than $15,000." Having carefully considered the matter, the Court concludes that, in the context of 28 U.S.C. § 1930(a)(6), nothing can be something, and the quarterly fees prescribed in 28 U.S.C. § 1930(a)(6) must be paid even when the total of all disbursements for a quarter equal zero, so long as the bankruptcy case has not been converted, dismissed, or otherwise closed.

28 U.S.C. § 1930(a)(6) clearly provides that "a quarterly fee shall be paid to the United States' trustee . . . in each case under chapter 11 of title 11 for each quarter (including any fraction thereof) until the case is converted or dismissed [or closed], whichever occurs first." 28 U.S.C. § 1930(a)(6). Section 1930(a)(6) then provides that "[t]he fee shall be $325 for each quarter in which disbursements total less than $15,000," and sets forth a series of increasing quarterly payments based on a series of ever larger ranges of disbursement amounts.

When construing a statute, courts look first to the plain statutory language as the best evidence of congressional intent. *CSX Transp. v. Easterwood*, 507 U.S. 658, 663 (1993); *Vergos*, 159 F.3d at 990. In this instance, the language is very plain indeed: "The fee shall be $325 for each quarter in which disbursements total

less than $15,000." 28 U.S.C. § 1930(a)(6). Had Congress wished to limit the payment of the fee to only those quarters in which a disbursement totaling something greater than zero was made, it could have included a lower boundary such as one cent or one dollar for those quarters in which $325 was to be paid, as it did for each of the next ten levels of fees provided for in the statute. *See* 28 U.S.C. § 1930(a)(6). Congress did not, however, include such a lower bound and, thus, the Court concludes that Congress intended to impose the minimum fee of $325 for *all* quarters in which a debtor's disbursements are less than $15,000, including those quarters in which total disbursements total zero, so long as the case remains open.

Further, only a construction of 28 U.S.C. § 1930(a)(6) which requires payment of the minimum fee for those quarters in which there are no disbursements gives effect to the mandate of the first sentence of § 1930(a)(6) that a fee "shall" be paid in each case and in every quarter for as long as the case remains open. *See Bowsher v. Merck & Co., Inc.*, 460 U.S. 824, 833 (1983) (restating and reaffirming "the settled principal of statutory construction that we must give effect, if possible, to ever word of the statute"); *FTC v. Mandel Bros., Inc.,* 359 U.S. 385, 389 (1959) (holding that statutes should be interpreted so as to "fit, if possible, all parts into a harmonious whole").

Finally, in order to reach the same conclusion as the

-6-

Bankruptcy Court, this Court would have to accept that zero never has any meaning or "value" when calculations are to be made, whether in conjunction with § 1930(a)(6), or otherwise. The Court declines to accept the Bankruptcy Court's intriguing but erroneous conclusion that a disbursement of zero has no value, cannot be totaled, and, therefore, is not less than $15,000. In this regard, the Court finds an example used by Professor Morris Kline and referenced by Appellant to be particularly instructive in the situation before it: "If a person has no account in a bank, his balance is nothing. If he has a bank account, he may very well have a balance of zero." Morris Kline, *Mathematics for the Nonmathematician* 60 (1985). In the instant matter, there existed at all relevant times a bankruptcy proceeding which had not been converted, dismissed, or otherwise closed. Disbursements were possible, even if they never amounted to a sum more than zero, as opposed to a situation where, in the absence of a proceeding, no disbursements could be made. Thus, this Court concludes that when the numeral zero is used in computing a total amount of disbursements in an open bankruptcy proceeding, there exists an instance in which nothing is, for the purpose of the calculation, something – at least when it comes to the application of the sliding scale of fees under § 1930(a)(6). *Cf. Gorman v. Nat'l Transp. Safety Bd.*, 558 F.3d 580, 585 (D.C. Cir. 2009) (aircraft with no passenger seats was subject to regulation applicable to aircraft "having a passenger-seat configuration of

less than 20 seats"); *Mem'l Hosp. of Laramie County v. Healthcare Realty Trust Inc.*, 509 F.3d 1225, 1231 (10th Cir. 2007) ("Zero is a number, not the absence of one."). As zero is less than $15,000, in those situations in which a case remains open but disbursements are not made and, thus, amount to zero, § 1930(a)(6) directs quarterly fees are to be paid to the Trustee in such circumstances. *See In re Adams*, 299 B.R. 540, 546 (B.A.P. 8th Cir. 2003) (section 1930(a)(6) "requires a debtor in possession to pay a quarterly fee . . . based on disbursements during the quarter, but with [the statutory minimum payment] per quarter"); *In re Maruko Inc.*, 206 B.R. 225, 230 (Bankr. S.D. Cal. 1997) ("The court finds that there are no disbursements . . . . Accordingly, [the debtor] owes the minimum amount."), *rev'd on other grounds*, 219 B.R. 567 (S.D. Cal. 1998); *In re Sedro-Woolley Lumber Co.*, 209 B.R. 987, 989 (Bankr. W.D. Wash. 1997) ("In those cases where there have been no disbursements, the fee would be the minimum due under the schedule."); *In re Celebrity Home Entm't*, 210 F.3d 995, 990 (9th Cir. 2000) (observing that a narrow definition of "disbursements" as limited to payments by a bankruptcy estate would mean that "most reorganized debtors would have to pay only the minimum quarterly fee which is due when there are zero disbursements"). *See also In re Boulders on the River, Inc.*, 205 B.R. 948, 951 (Bankr. D. Or.), *rev'd on other grounds*, 218 B.R. 528 (D. Or. 1997) (where no bankruptcy estate was in existence during a particular quarter,

there were no "disbursements" upon which to compute fees owed to the trustee pursuant to statute).

Accordingly, **IT IS ORDERED** that the Bankruptcy Court's June 30, 2009, Memorandum Opinion and Order which determined that Kentucky Processing did not owe quarterly fees to the United States Trustee for the quarters in which the bankruptcy case had not been converted, dismissed, or otherwise closed but in which no disbursements were made is **REVERSED**. This matter is **REMANDED** to the Bankruptcy Court for further proceedings in accordance with this opinion.

This the 5th day of November, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge